Hon. Walter O. Rehm Village Attorney Village of Lake George
This is in reply to your request regarding whether this office's opinion of June 24, 1980 to the Hanover Town Counsel (copy enclosed) is applicable to villages as well as towns. In that opinion we stated that a town may, subject to certain constitutional restrictions, enact an ordinance pursuant to its general police powers prohibiting parking on private property without the permission of the property owner and providing for the removal of motor vehicles parked in violation of the ordinance. This office is of the opinion that a village could enact a local law to the same effect for essentially the same reasons.
As you mention in you letter, our opinion to the Hanover Town Counsel relied primarily upon subdivision 15 of section 130 of the Town Law which provides that a town may adopt ordinances, not inconsistent with law, for the purpose of:
 "15. Promotion of public welfare. Promoting the health, safety, morals or general welfare of the community, including the protection and preservation of the property of the town and of its inhabitants, and of peace and good order, * * *" (emphasis added).
Pursuant to this authorization, we concluded that (1980 Op Atty Gen [Inf], June 24, 1980):
 "[W]e are of the opinion that under the grant of power in subdivision 15 of section 130, quoted above, a town could pass a trespass ordinance providing for removal of cars parked on private property in violation of the ordinance."
Similarly, section 4-412 of the Village Law, which governs the powers of village boards of trustees, provides:
 "1. General Powers of the board of trustees. In addition to any other powers conferred upon villages, the board of trustees of a village shall have management of village property and finances, may take all measures and do all acts, by local law, not inconsistent with the provisions of the constitution, and not inconsistent with a general law * * * which shall be deemed expedient or desirable for the good government of the village, its management and business, the protection of its property, the safety, health, comfort and general welfare of its inhabitants, the protection of their property, the preservation of peace and good order * * *" (emphasis added).
It is thus clear that villages have the same powers to protect the property of their inhabitants and to preserve peace and good order as towns have. We are of the opinion, therefore, that a village board of trustees could pass a local law, pursuant to section 4-412, subdivision 1, of the Village Law, prohibiting trespass on private property and providing for the removal of cars parked in violation of the local law. With respect to the constitutional requirements for such a local law, your attention is directed to our opinion of June 24, 1980. In the case of vehicles deemed abandoned by section 1224 of the Vehicle and Traffic Law, the requirements of that section would, of course, govern.